IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

JOHNNY ALBERTO SOVALVARRO,         *

    Petitioner,                    *

        v.                          *   CIVIL NO.:    WDQ-13-3209
                                       *   CRIMINAL NO.: WDQ-11-0680
UNITED STATES OF AMERICA,          *

    Respondent.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Johnny Alberto Sovalvarro pled guilty to "being present in the United States without permission after previously being deported after committing an aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b)(2). Pending is Sovalvarro's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. No hearing is necessary. *See* Rule 8 of the *Rules Governing § 2255 Proceedings*. For the following reasons, the Court will grant Sovalvarro's motion in part and permit a belated appeal.

I. Background[1]

On December 16, 2011, Sovalvarro, a citizen of Honduras, was charged with illegally entering the United States following a prior deportation after he committed an aggravated felony. ECF No. 1. This offense carries a maximum sentence of 20 years

---

[1] The facts are from the parties' filings (ECF Nos. 23, 30-32), and Sovalvarro's plea agreement (ECF No. 13).

imprisonment, three years supervised release, and a $250,000 fine.  *See* ECF No. 30, Ex. A at 5.  On May 30, 2012, Sovalvarro entered into a plea agreement with the Government under Federal Rule of Criminal Procedure 11(c)(1)(C) and pled guilty to the indictment.  ECF No. 13.

On May 30, 2012, the Court held a Rule 11 hearing.  ECF No. 12.  During the hearing, Sovalvarro stated that he had read the plea agreement, understood all aspects of the agreement, and swore to the truth of the stipulation of facts.  *See* ECF No. 30, Ex. A at 10-14.  According to the stipulation of facts, on April 5, 2004, Sovalvarro was convicted of Second Degree Assault in the Circuit Court for Baltimore City.  "[T]he facts articulated in support of the plea agreement [for the state offense] reflect that [Sovalvarro] assaulted the mother of his children in the early morning hours of January 1, 2004, including grabbing her by the throat, choking her, dragging her into the bedroom, and brandishing a knife.  She sustained a cut on her hand in the assault."  ECF No. 13 at 10.  Sovalvarro received a suspended sentence of five years imprisonment.  *Id.*  Because Sovalvarro was in the country illegally at the time of the assault, he was deported on July 8, 2004.  *Id.*

On October 28, 2005, Sovalvarro "was convicted in the District of Arizona of unlawfully reentering the United States

after he was deported following an aggravated felony conviction." ECF No. 13 at 10. Sovalvarro was sentenced to 30 months imprisonment and three years supervised release. *Id.* On February 1, 2007, Sovalvarro was deported. *Id.*

On October 7, 2011, Sovalvarro was arrested in the District of Maryland.[2] ECF No. 13 at 10. "Officials from the Department of Homeland Security were notified and [Sovalvarro]'s status in the United States was investigated . . . ." *Id.* "At no time did [Sovalvarro] have the permission of the Attorney General of the Secretary of Homeland Security to reenter the United States." *Id.*

The plea agreement contained a "Factual and Advisory Guidelines Stipulation." ECF No. 13 at 4. The parties stipulated that the base offense level was eight and there was "an upward adjustment of 16 levels due to the fact that [Sovalvarro]'s felony conviction was for a crime of violence." *Id.* There was also a two-level downward adjustment for acceptance of responsibility and one-level downward adjustment

---

[2] Sovalvarro was using a false identity. ECF No. 30, Ex. B at 4. The Government "agreed not to seek a superseding indictment [for aggravated identity theft] based upon [Sovalvarro's] waiver in paragraph 13 of the Plea Agreement [of a challenge to his prior convictions], and the agreed upon 'C-Plea' disposition . . . ." ECF No. 30 at 3-4.

after he was deported following an aggravated felony conviction." ECF No. 13 at 10. Sovalvarro was sentenced to 30 months imprisonment and three years supervised release. *Id.* On February 1, 2007, Sovalvarro was deported. *Id.*

On October 7, 2011, Sovalvarro was arrested in the District of Maryland.[2] ECF No. 13 at 10. "Officials from the Department of Homeland Security were notified and [Sovalvarro]'s status in the United States was investigated . . . ." *Id.* "At no time did [Sovalvarro] have the permission of the Attorney General of the Secretary of Homeland Security to reenter the United States." *Id.*

The plea agreement contained a "Factual and Advisory Guidelines Stipulation." ECF No. 13 at 4. The parties stipulated that the base offense level was eight and there was "an upward adjustment of 16 levels due to the fact that [Sovalvarro]'s felony conviction was for a crime of violence." *Id.* There was also a two-level downward adjustment for acceptance of responsibility and one-level downward adjustment

---

[2] Sovalvarro was using a false identity. ECF No. 30, Ex. B at 4. The Government "agreed not to seek a superseding indictment [for aggravated identity theft] based upon [Sovalvarro's] waiver in paragraph 13 of the Plea Agreement [of a challenge to his prior convictions], and the agreed upon 'C-Plea' disposition . . . ." ECF No. 30 at 3-4.

for timely notification of intent to plea. *Id*. The final, adjusted offense level was stipulated at 21. *Id*. at 5.[3]

The parties "agree[d] that with respect to the calculation of criminal history and the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute." ECF No. 13 at 5. They also "stipulate[d] and agree[d] pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of no more than 60 months incarceration is the appropriate disposition of the case." *Id*. If the Court sentenced Sovalvarro to more than 60 months imprisonment, "*either* party may elect to declare the agreement null and void." *Id*. (emphasis in original).

Sovalvarro expressly agree[d] that he w[ould] not collaterally challenge his prior convictions in the courts in which they arose, as by filing a petition or motion in *habeas corpus*, *coram nobis* or any other means . . . . [He] expressly acknowledge[d] that he knowingly and voluntarily waive[d] any right he may have to challenge a prior conviction . . . ." ECF

---

[3] The parties did not stipulate as to Sovalvarro's criminal history category. ECF No. 13 at 5. The presentence report set his criminal history category at III based on the two prior convictions in the statement of facts. *See* ECF No. 30, Ex. B at 4.

4

Here, Sovalvarro's assertion that he directed counsel to appeal is uncontradicted; counsel did not. Accordingly, the Court must grant Sovalvarro a belated appeal.

III. Conclusion

For the reasons stated above, the Court will grant in part Sovalvarro's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

_6/24/15_
Date

_____
William D. Quarles, Jr.
United States District Judge